NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY SUPERMARKET, ET AL., : <br> : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, ET : <br> AL., : <br> : <br> : <br> Defendants. : | Civil Action No. 12-262 (SRC) <br><br> OPINION |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion filed by Defendants United States of America ("U.S.A."), the United States Department of Agriculture ("USDA"), and Secretary of Agriculture Tom Vilsack ("Secretary Vilsack") (collectively, "Defendants") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. Plaintiffs Gregory Supermarket and Leidy Rodriguez ("Rodriguez") (collectively, "Plaintiffs") filed opposition. For the reasons that follow, Defendants' motion will be granted.

I. **BACKGROUND**

This case arises from a Complaint filed by Plaintiffs on January 13, 2012, seeking to set aside the USDA's allegedly wrongful decision to permanently disqualify them from the federal Supplemental Nutrition Assistance Program ("SNAP"), and to assess them with a $33,000 civil penalty.

In brief, the facts alleged in the Complaint and the underlying administrative record are as

follows.  Plaintiff Gregory Supermarket is a small grocery store in Passaic, New Jersey, owned and operated by Plaintiff Leidy Rodriguez.  (Compl., ¶ 9.)  The Supermarket is located near low-income neighborhoods, and many of its customers pay for goods using SNAP benefit funds delivered via electronic benefit transfer ("EBT") cards.  By way of background, SNAP benefit funds, available to eligible low-income households, may be used to purchase food items at any approved retail food store.  *See* 7 U.S.C. § 2013, 2016.  Food retailers who participate in the SNAP program are prohibited from trafficking in EBT benefits; that is, if the retailer's employees exchange EBT benefits for "cash or consideration other than eligible food" (for instance, through charging $25 on a customer's EBT card in exchange for $20 in cash to the customer), the retailer is subject to disqualification from future participation in the SNAP program.  *See* 7 U.S.C. § 2021(a); 7 C.F.R. 271.2, 278.6.  The Food and Nutrition Service ("FNS") monitors and investigates retailers who participate in the SNAP program to ensure compliance with the governing statutes and regulations, and may disqualify any retailer found to be in violation of the relevant provisions.  *Id.*  Specifically:

> Disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations, inconsistent redemption data, evidence obtained through a transaction report under an electronic benefit transfer system, or the disqualification of a firm from the Special Supplemental Nutrition Program for Women, Infants and Children (WIC).

*Id.*  The period of disqualification "shall be . . . permanent upon the first or any subsequent occasion" of a disqualification based on trafficking in EBT benefits.  7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. 278.6(e)(1)(I).

Moreover, a retailer whose store is disqualified, and who subsequently sells or transfers ownership of the store, "shall be subjected to and liable for a civil money penalty . . ."  7 C.F.R. 278.6(f)(2), known as a "Transfer of Ownership Civil Money Penalty" ("TOCMP").  7 U.S.C. §

2021(e)(1).  The TOCMP is calculated "to reflect that portion of the disqualification period that has not yet expired."  *Id.*  If a retailer's store has been permanently disqualified, the TOCMP is double the penalty for a ten-year disqualification period, and "disqualification shall continue in effect at the disqualified location for the person or other legal entity who transfers ownership . . . notwithstanding the imposition of a civil money penalty . . . ."  7 C.F.R. § 278.6(f)(2).

When an investigation by the FNS results in agency action to disqualify a food retailer or assess a monetary penalty on its owner, a notice is sent to the retailer.  *See* 7 U.S.C. § 2023(a)(1).  The retailer may then request review of the decision by an Administrative Review Officer, pursuant to the procedures set forth in the Code of Federal Regulations, Title 7, parts 278 and 279.  *See* 7 U.S.C. § 2023(a)(3).  Once the reviewing Officer renders a decision on the propriety of the disqualification and/or civil money penalty, that determination becomes the final agency decision, effective thirty (30) days from the date of delivery to the food retailer.  7 U.S.C. § 2023(a)(5).  The retailer may then seek judicial review in federal or state court within thirty days of delivery or service of the final agency decision.  7 U.S.C. § 2023(a)(13).

Gregory Supermarket was approved by the USDA as a participant in the SNAP program in July of 2008.  (Walker Decl., Certified Administrative Record, hereinafter "CAR," at 99.)  In early 2010, Gregory Supermarket underwent a compliance investigation by the FNS, pursuant to the regulations set forth in 7 C.F.R. § 278, *et seq.*  The administrative record indicates that, on July 27, 2010, David H. Haines, Officer-in-Charge of the USDA's Mid-Atlantic Compliance Operations Center, advised Ms. Rodriguez in writing that the USDA was charging Gregory Supermarket with trafficking, and considering permanently disqualifying her from the SNAP program.  Officer Haines explained that this finding was based on an analysis of EBT transactions in March, April and May of 2010, and included a list of the transactions.  (Walker

Dec., CAR at 50-51.)  Ms. Rodriguez was invited to submit "any information, explanation, or evidence regarding these charges" in person or in writing.  *Id.*  Officer Haines also advised Ms. Rodriguez that, if Gregory Supermarket was permanently disqualified, and Ms. Rodriguez sold or transferred Gregory Supermarket subsequent to the disqualification, she would be subject to a TOCMP.  *Id.*

On August 26, 2010, Plaintiff and her attorney responded in person to the letter from FNS, and met with Officer Haines and a Program Specialist.  *Id.* at 97.  Ms. Rodriguez suggested that perhaps the irregular transactions listed in the July 27, 2010 letter were the result of customers purchasing items at the supermarket, and then reselling them at a higher price.  "No further explanation was provided," nor did Plaintiff Rodriguez submit a written response, though she was given until September 2, 2010 to do so.  *Id.* at 97.  On September 9, 2010, Officer Haines issued a letter advising Ms. Rodriguez of FNS' determination that employees of Gregory Supermarket had in fact committed the charged trafficking violations, and that Gregory Supermarket was being permanently disqualified from participation as a retail food store in the SNAP program.  Ms. Rodriguez administratively appealed the disqualification decision by letter dated September 13, 2010, disputing the finding of misconduct, and denying any wrongdoing.  Plaintiff Rodriguez then transferred ownership of Gregory Supermarket to one Felix Ferma on September 15, 2010.

On May 12, 2011, the Administrative Review Board issued a Final Agency Decision sustaining Gregory Supermarket's permanent disqualification from SNAP on the basis of EBT trafficking violations.  (Walker Decl., CAR at 130.)  The Administrative Review Officer ("ARO"), Nancy Baca-Stepan, noted that the Field Office's analysis of EBT transactions, "together with observations made during the store visits, provide substantial evidence that

questionable transactions during the focus period have characteristics . . . indicative of illegal trafficking in program benefits." *Id.* at 130. The ARO also noted that the questionable transactions had characteristics "not consistent with legitimate sales of eligible food to [SNAP] customers at a store of the nature and scope [of Gregory Supermarket]." *Id.* Because Ms. Rodriguez had failed to present documentation of a compliance program that might qualify her for a civil money penalty in lieu of permanent disqualification, the ARO concluded that permanent disqualification was appropriate. *Id.* at 129. The ARO advised Ms. Rodriguez that

> if a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which you reside or are engaged in business, or in any court of record of the State having competent jurisdiction. If any Complaint is filed, it must be filed within thirty (30) days of receipt of this Decision.

*Id.* at 130.

A few months later, on September 8, 2011, Officer Haines advised Ms. Rodriguez that, because she had sold Gregory Supermarket on September 15, 2010, after her disqualification from SNAP, she was being assessed a TOCMP of $33,000. By letter dated September 18, 2011, Ms. Rodriguez administratively appealed this decision, asserting that, as a single mother recovering from two back surgeries, she was physically unable to work, and had no other option but to sell the grocery store. *Id.* at 140-41. She advised that she had a disability benefits application pending, and appended numerous reports and records documenting her medical condition. *Id.* at 140-168. On December 12, 2011, ARO Daniel Wilusz filed a Final Agency Decision concluding that there was sufficient evidence to support the Field Office's contention that Plaintiff Rodriguez had transferred ownership of Gregory Supermarket on September 15, 2010, after she had been notified of the store's permanent disqualification from SNAP. *Id.* at 177-78. Thus, the ARO concluded, Plaintiff was subject to a TOCMP of $33,000 in accordance

with the applicable FNS regulations. ARO Wilusz advised Plaintiff that she had thirty days from receipt of the Decision to seek judicial review. Counsel for Ms. Rodriguez received the Decision on December 13, 2011. *Id.* at 181.

On January 13, 2012, Plaintiffs filed a Complaint seeking *de novo* judicial review of the administrative decisions disqualifying Gregory Supermarket as a SNAP-approved food retailer, and subjecting Plaintiff Rodriguez to a TOCMP of $33,000, arguing that these decisions were arbitrary and capricious, and against the weight of the proofs submitted. Plaintiffs seek a judgment setting aside those decisions, and imposing a penalty on the Defendants. Plaintiffs also seek an award of attorney's fees and costs.

Defendants now move to dismiss Plaintiffs' claims against the USDA and Secretary Vilsack, because the judicial review provisions of the Food Stamp Act provide a cause of action against only the United States. Furthermore, Defendants move to dismiss the claims against the United States for lack of subject matter jurisdiction. Defendants argue that Plaintiffs failed to comply with the applicable statute of limitations, and that such compliance is a prerequisite to the Court's subject matter jurisdiction over Plaintiffs' Complaint. Plaintiffs counter that, although the Complaint was filed after the applicable statute of limitations expired, the Court should equitably toll Plaintiffs' claims, at least with respect to the December 12, 2011 agency decision subjecting Ms. Rodriguez to a $33,000 TOCMP. For the reasons set forth below, the Court concludes that Plaintiffs have failed to comply with the applicable statute of limitations, and that Plaintiffs' failure to comply with the applicable statute of limitations deprives the Court of subject matter jurisdiction over the Complaint. Accordingly, this matter will be dismissed in its entirety.

**II.     Discussion**

A.      **Standards of Review**

A Rule 12(b)(1) motion may attack subject matter jurisdiction on the face of the complaint or it may do so apart from any of the pleadings. *See Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977) (drawing distinction between facial and factual attack on subject matter jurisdiction under Rule 12(b)(1)). The latter type of challenge is known as a factual attack on subject matter jurisdiction and seeks to dismiss a plaintiff's claim not based on a pleading deficiency but rather on the claim's failure to satisfy jurisdictional requirements. *Id.* In considering a factual Rule 12(b)(1) motion, the court "can look beyond the pleadings to decide factual matters related to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2002); *see also Carpet Group Int'l v. Oriental Rug Importers Assoc.*, 227 F.3d 62, 69 (3d Cir. 2000) (holding that, upon a factual attack on subject matter jurisdiction, "the court is free to weigh the evidence and satisfy itself whether it has power to hear the case."). Therefore, where a plaintiff files a complaint challenging an administrative decision, and the defendant moves to dismiss the complaint for lack of subject matter jurisdiction, the court may consider the underlying administrative record. *See, e.g.*, *Hersh v. Dept. of Navy*, 456 F. Supp. 227, 229-30 (E.D. Pa. 1978) (citing *Mortenson*, 549 F.2d at 892). The plaintiff bears the burden of persuasion to show the existence of subject matter jurisdiction when it is challenged under Rule 12(b)(1). *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

B.      **Subject Matter Jurisdiction over Defendants USDA and Secretary Vilsack**

It is axiomatic that the United States, as sovereign, is immune from suit, absent specific statutory waiver. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 476 (1994). United States agencies also enjoy sovereign immunity. *Id.*; *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Statutory waiver is a "prerequisite for jurisdiction," such that the terms of the waiver

"define the court's jurisdiction to entertain the suit." *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (quoting *Sherwood*, 312 U.S. at 586). In other words, absent a specific waiver of sovereign immunity, the district courts lack federal subject matter jurisdiction over claims against the United States or its agencies. *See, e.g.*, *Kabakjian v. United States*, 267 F.3d 208, 211 (3d Cir. 2001) (citing, *inter alia*, *United States v. Dalm*, 494 U.S. 596, 608 (1990)). Accordingly, Congress must clearly and unequivocally express a waiver of sovereign immunity in the language of the relevant statute, and courts must interpret the statutory language strictly, construing the waiver "in favor of the sovereign . . . and not enlarged beyond what the language requires." *United States v. Nordic Village*, 503 U.S. 30, 33-34 (1992). The party asserting claims against the United States bears the burden of establishing a waiver of sovereign immunity. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361 (3d Cir. 2001) (citing *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995)).

The Food Stamp Act, which allows SNAP participants to seek judicial review of certain USDA decisions, contains a limited waiver of the United States' sovereign immunity, set forth in 7 U.S.C. § 2023(a)(13), which provides that if a retailer feels aggrieved by a final agency determination of disqualification or subjection to a civil money penalty,

> it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business . . . within thirty days after the delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

This statutory language, which must be strictly construed, permits the filing of a suit against the United States; it does not permit the filing of a suit against a governmental agency or official. *See, e.g.*, *Calderon v. United States Dep't of Agriculture*, 756 F. Supp. 181, 184 (D.N.J. 1990) (holding that § 2023 was meant to waive immunity only as to the United States itself, not as to

any other governmental party) (citing consistent holdings in the Federal Tort Claims Act context, e.g., *Dilg v. United States Postal Service*, 635 F. Supp. 406 (D.N.J. 1985)).  Therefore, the only proper defendant in an action for judicial review under § 2023 (a)(13) is the United States.  *Id.* (dismissing the plaintiff's suit against FNS because the United States is the only proper party under § 2023(a)(13)); *see also Gonzalez v. United States*, 675 F. Supp. 2d 260 n.1 (D.R.I. 2009) (dismissing plaintiff's claims against Secretary Vilsack, because the United States is the "only proper defendant" in actions under § 2023(a)(13)); *Brooks v. United States*, 64 F.3d 251, 253 n.1 (7th Cir. 1995) (substituting the United States as defendant, plaintiff having improperly named the USDA as defendant in a suit under § 2023(a)(13)).  This Court therefore lacks jurisdiction over Plaintiff's claims against the USDA and Secretary Vilsack, and Plaintiffs' claims against those Defendants will be dismissed.[1]

        C.     **Subject Matter Jurisdiction over Claims against the Untied States**

The Food Stamp Act imposes a 30-day time limit on the filing of suits against the United States for judicial review of an agency decision disqualifying or imposing a monetary penalty on a retail food store.  *See* § 2023(a)(13); 7 C.F.R. § 279.7(a) (providing, *inter alia*, that "[t]he complaint [against the United States] must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer . . . otherwise the determination shall be final.").  Because this time-limit constitutes a condition on the United States' waiver of sovereign immunity in § 2023(a)(13), it must be strictly enforced.  *Shoulders*, 878 F.2d at 143 (holding that "the district court correctly identified § 2023(a), the statute

---

[1] Plaintiffs also waived their claims against the USDA and Secretary Vilsack by failing to oppose Defendants' motion to dismiss them as improper parties in this action.  *See Brenner v. Twp. of Moorestown*, No. 09-219, 2011 U.S. Dist. LEXIS 52760, at *33-35 (D.N.J. May 17, 2011 ) (citing, *inter alia*, *Player v. Motiva Enters., LLC*, 240 Fed. Appx. 513, 522 n.4 (3d Cir. 2004)).

supporting its subject matter jurisdiction, as a conditional waiver of the United States' sovereign immunity, the condition being that the aggrieved party must commence suit within 30 days of notice of adverse FNS action.") (citing *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("When waiver legislation contains a statute of limitations . . . .we must be careful not to interpret the [time-bar provision] in a manner that would extend the waiver beyond that which Congress intended.") (internal quotations omitted)); *Gonzalez*, 675 F. Supp. 2d at 263. Indeed, a majority of courts have concluded that the 30-day time limit set forth in § 2023(a) is jurisdictional, and therefore not subject to equitable tolling. *Shoulders*, 878 F.2d at 143 (noting that the 30-day period for filing complaints against the United States under § 2023(a) is "inflexible"); *Gonzalez*, 675 F. Supp. 2d at 265; *Chesterfield Market*, 469 F. Supp. 2d 485, 488 (E.D. Mich. 2007) ("Because Congress has explicitly provided for judicial review of a final FNS determination only if the challenger files a complaint within thirty days of the agency's decision . . . courts do not have jurisdiction to entertain challenges brought later."); *Reason v. Heslin*, 723 F. Supp. 1309, 1311 (S.D. Ind. 1989) (dismissing an action under § 2023(a) because it was filed two days after the statutory deadline had passed, holding that "this . . . deadline for judicial review is not a statute of limitations that may be equitably tolled, but is the very basis of Congress' grant of jurisdiction to parties suing the United States in this court."); *Paradise Foods, Inc. v. United States*, No. 65-73378, 2006 U.S. Dist. LEXIS 94883, at *2 (E.D. Mich. Apr. 7, 2006); *Simaan v. Veneman*, 349 F. Supp. 2d 967, 971 (M.D.N.C. 2004); *United States v. Lancman*, No. 4-95-880, 1998 U.S. Dist. LEXIS 9173, at *6 (D. Minn. Jan. 20, 1998) (holding that congressionally-prescribed limitations periods for the judicial review of agency decisions, including the period prescribed in § 2023(a), may not be equitably tolled); *Mendez & DeJesus Grocery v. United States Dept. of Agriculture*, No. 97-1099, 1997 U.S. Dist. LEXIS 6500, at *5-7 (S.D.N.Y. May

12, 1997); *United States v. Bozorg*, No. 93-1611, 1993 U.S. Dist. LEXIS 17895, at *2-3 (E.D. La. Dec. 14, 1993).

Here, Plaintiffs do not dispute that the Complaint was filed more than 30 days after the final agency decisions disqualifying Gregory Supermarket from the SNAP program and imposing a TOCMP on Ms. Rodriguez. The disqualification decision was received by Plaintiffs' attorney on May 16, 2011, and the TOCMP decision was received on December 13, 2011. Thus, Plaintiffs had until June 15, 2011 to seek judicial review of the disqualification decision, and until January 12, 2012 to seek judicial review of the TOCMP decision. The Complaint was filed on January 13, 2012. Plaintiffs concede the untimeliness of their Complaint with respect to the disqualification decision, but argue that the Complaint was only one day late as to the TOCMP decision, and that the statute of limitations should be tolled "as a result of [Ms. Rodriguez'] inability to participate in litigation as a result of her back surgeries and injuries." Moreover, Plaintiffs assert, they did not promptly receive notice of the December 13, 2011 decision from their former attorneys.

Notably, Plaintiffs fail to address the authority interpreting the 30-day limitation set forth in § 2023(a) as jurisdictional and therefore not subject to equitable tolling. As noted by the Defendants in their motion to dismiss, the only district court in this Circuit to consider equitably tolling the 30-day limit on suits under § 2023(a) did so without any analysis of its arguably jurisdictional nature, instead assuming that equitable tolling was available to the petitioner. *Calderon*, 756 F. Supp. at 186-87. Moreover, a Louisiana district court that equitably tolled the plaintiff's claims under § 2023(a) relied upon the United States Supreme Court's holding in *Irwin v. Veterans Administration*, 489 U.S. 89, 95-96 (1990), that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply

to suits against the United States." *Dunne v. United States Dep't of Agriculture*, No. 91-0022, 1991 U.S. Dist. LEXIS 3733, at *2-3 (E.D. La. Mar. 22, 1991). However, the Louisiana court did not analyze whether the Title VII review procedures and time-limits at issue in *Irwin* are analogous to those set forth in § 2023(a) of the Food Stamp Act. *Irwin* held that equitable tolling is applicable to suits against the Government, but in the context of a statutory scheme authorizing suits against both the government and private employers, governed by statutes of limitations that are *not* jurisdictional in nature. 498 U.S. at 95-96; *see Hart v. J.T. Baker Chemical Co.*, 598 F.2d 829, 831 (3d Cir. 1979) (holding that Title VII's time limitations are not jurisdictional in nature). Indeed, since *Irwin* was decided, the Supreme Court has distinguished it as a prospective holding applicable only to statutes of limitations that are not jurisdictional in nature. *See, e.g., John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34, 137-38 (2008) (noting that "[m]ost statutes of limitations seek primarily to protect defendants against stale or unduly delayed claims," however, "[jurisdictional] statutes of limitations . . . seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as . . . limiting the scope of a governmental waiver of sovereign immunity[.]"). By contrast, the Food Stamp Act contains no authorization for private suits, and provides a cause of action only against the United States, with a time-limit that most courts agree is jurisdictional. This Court also concludes that the time limit set forth in § 2023(a), which provides that an FNS disqualification or monetary penalty is final unless an aggrieved party seeks judicial review within 30 days, is a condition of the United States' waiver of sovereign immunity, and is jurisdictional in nature, such that no equitable tolling is available to Plaintiffs.

      Even if equitable tolling were available, Plaintiffs have not alleged facts justifying the application of this extraordinary remedy, which does not extend to "garden variety claims of

excusable neglect." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (quoting *Irwin*, 498 U.S. at 96).  Therefore, Plaintiffs' Complaint would in any event be dismissed as time-barred.  Equitable tolling may only be applied in the limited circumstance where (1) the defendant has actively misled the plaintiff; (2) the plaintiff was in some extraordinary way prevented from asserting his or her rights; or (3) the plaintiff timely asserted his or her rights, but did so in the wrong forum.  *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted).  The plaintiff must also show that she exercised reasonable diligence in investigating and bringing her claims.  *Miller v. N.J. Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998).  Here, Plaintiffs allege that, although their previous attorneys "signed for" the Final Administrative Decision on December 13, 2011, they were not put on notice until several days thereafter.  Moreover, Plaintiff Rodriguez alleges, because she was still suffering extreme back pain as of December 13, 2011, she could not retrieve the documents from her attorneys for several days even after she was notified of the Final Decision, such that she was not "served and/or put on notice of the Final Agency Decision until approximately two weeks later."  (Pl. Reply Br., at 8.)  Notwithstanding these delays, Plaintiffs argue, Ms. Rodriguez was able to retain new attorneys and file the Complaint only one day late.

     Plaintiffs have, as an initial matter, failed to submit a declaration from Ms. Rodriguez or other sworn testimony regarding the circumstances which allegedly prevented her from filing a timely Complaint against the United States for review of the December 12, 2011 Decision.  Moreover, Plaintiffs do not claim that the USDA sent the Decision to the wrong attorneys, or that Plaintiffs' former counsel withheld notice of the Decision from them – instead, Plaintiffs were put on notice "several days" after their former counsel received the Decision.  Plaintiffs do not explain how this delay led to a further delay of two weeks, nor why their current counsel was not

able to file the Complaint one day earlier. Plaintiffs likewise do not explain how the extraordinary circumstance of Ms. Rodriguez's back pain prevented them from complying with the statute of limitations. Therefore, Plaintiffs have not met their burden of showing that equitable tolling is warranted. *See Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005).

### III. CONCLUSION

For the foregoing reasons, the Court grants the Defendants' motion to dismiss the Complaint in its entirety for lack of subject matter jurisdiction. An appropriate form of Order will be filed together with this Opinion.

s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

DATED: July 9, 2012